Herbert JONES, Petitioner,

v.

**DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.**

No. 81–237.

District of Columbia Court of Appeals.

Argued May 20, 1982.

Decided June 4, 1982.*

---

\* The original disposition of this case was by an unpublished Memorandum Opinion and Judg- ment. Respondent's Motion for Publication was granted by the court.

Dalton J. Howard, Washington, D.C., for petitioner. Lawrence E. Williams, Washington, D.C., also entered an appearance for petitioner.

Michael A. Milwee, Washington, D.C., for respondent.

Before KELLY, KERN and BELSON, Associate Judges.

PER CURIAM:

Petitioner seeks review of a Final Order of the District of Columbia Department of Employment Services (the Department) disqualifying him from receiving unemployment compensation benefits for a period of seven weeks pursuant to D.C.Code 1981, § 46–111(b). In his Final Order, the Acting Director of the Department affirmed the Appeals Examiner's findings that petitioner had been discharged for threatening his supervisor and for abandoning his job on May 11, 1977, and that such conduct constituted misconduct within the meaning of § 46–111(b). Petitioner alleges that the findings are unsupported by the evidence and that he was denied due process of law in the proceedings before the Department.[1] We affirm.

Petitioner was discharged from his position as an Environmental Services Attendant at the Greater Southeast Community Hospital on March 12, 1977, following an incident on the previous day in which he threatened his supervisor and left the hospital without permission before the end of his work shift. Petitioner subsequently applied for unemployment compensation benefits and was disqualified by the District of Columbia Unemployment Compensation Board (the Board)[2] for a period of eight weeks on the ground that he had been discharged for misconduct. Although a representative of the employer alleged in proceedings before the Board that petitioner had been discharged for threatening his supervisor and for leaving his job without permission, the Board made no findings concerning the former issue but found that petitioner left his job without justification and would have been discharged for this reason alone. The Board further found that petitioner's actions constituted misconduct within the meaning of the statute.

On review by this court, we affirmed the Board's findings with respect to petitioner's misconduct in leaving his job, but set aside the order imposing disqualification on the ground that the record did not support a finding that the employer would have discharged petitioner on this basis alone. Accordingly, we remanded the case to the Board for findings concerning the alleged threat and a determination on the basis for discharge. *Jones v. District of Columbia Unemployment Compensation Board,* D.C. App., 395 A.2d 392 (1978). We held also that the Board was not precluded from taking additional evidence to determine if petitioner was justified in leaving his job without permission. *Id.* at 398.

Upon remand additional hearings were held before the Appeals Examiner who determined that petitioner was discharged

---

1. *Petitioner alleges also that his discharge was in violation of the District of Columbia Human Rights Act, D.C.Code 1981, §§ 1–2501 et seq. in that the employer discriminated against him because of his handicap of being a chronic alcoholic. This issue is not before us as it was not raised in petitioner's initial brief, nor was it* clearly identified as an issue before the Department.

2. The Board's functions have since been assumed by the Department of Employment Services.

both for threatening his supervisor and for leaving work without permission; that petitioner was not subject to harrassment such as would justify his leaving work under those circumstances; that petitioner threatened to cut his supervisor's throat, and that petitioner was aware of the employer's policies against making threats and leaving work without permission. The Appeals Examiner recommended a disqualification period of eight weeks. The Appeals Examiner's findings were based upon the testimony of several witnesses, including representatives of the employer, eyewitnesses to the confrontation between petitioner and the employer, an expert witness who testified on behalf of petitioner, and petitioner himself. The Acting Director adopted the findings and conclusions of the Appeals Examiner but reduced the period of disqualification to seven weeks.

■ We held in *Jones v. District of Columbia Unemployment Compensation Board, supra,* that the record established in the earlier administrative proceedings supported a finding that petitioner knowingly left his job without permission and that such conduct constituted misconduct. The reasons for our conclusions are set forth fully in our opinion. During the remand proceedings before the Department, petitioner introduced new evidence in the form of the testimony of a psychologist who evaluated petitioner in 1979 and who testified that he "could see" petitioner being confused concerning the consequences of leaving his job early, particularly if petitioner was under the influence of alcohol at the time. The fact that such evidence was adduced does not require us to overturn the Department's findings with respect to the job abandonment issue, particularly in light of petitioner's testimony that he was not intoxicated when he left work on May 11, 1977.

■ With respect to the second basis of discharge, we conclude that there is suffi-

cient evidence of record to support the Department's finding that petitioner threatened his supervisor. The supervisor and a witness present in the room at the time of the incident testified that petitioner threatened to cut the supervisor's throat and that petitioner appeared not to be joking, but to be angry when he made the statement. Petitioner contends that his alcoholism precluded him from forming the requisite intent for the offense of assault. In that connection we note first that petitioner testified that he was not intoxicated at the time of the incident. Moreover, petitioner was not charged with the criminal offense of assault. The issue in the agency proceedings was whether petitioner's conduct constituted misconduct within the meaning of D.C.Code 1981, § 46–111(a). The regulations construing the misconduct provisions of the unemployment compensation law include as misconduct "willful violation of employer's rules." 18 DCRR § 4613.3. Petitioner admittedly was aware of the employer's policy concerning threats. Moreover, threatening to cut one's supervisor's throat must be considered conduct which is "a disregard of standards of behavior which the employer has a right to expect of his employee," and therefore ground for disqualification. *Hickenbottom v. District of Columbia Unemployment Compensation Board,* D.C.App., 273 A.2d 475, 477–78 (1971) (citations omitted).

■ We reject petitioner's conclusion that he was denied due process of law in the administrative proceedings before the Department. Specifically we conclude that the Appeals Examiner did not abuse his discretion in denying some of petitioner's requests for subpoenas. D.C.Code 1981, § 1–1509(b) provides parties in proceedings such as the one under review with the right to subpoena relevant materials and witnesses. The materials at issue here are petitioner's personnel file and documents containing the hospital's personnel policies.[3]

---

**3.** Petitioner alleges also that the Appeals Examiner was obliged to grant his request to subpoena an unknown number of unnamed persons identified only as "contract workers"

who allegedly were present outside the room in which petitioner threatened the supervisor and that the Appeals Examiner should not have quashed a subpoena for a witness whose testi-

■■■■■■■■■■■■■■■■■

Petitioner was not discharged because of his cumulative employment record, however, but on the basis of a single incident. The hospital's policies concerning that incident, *i.e.,* concerning threats and job abandonment, were known to petitioner. We find no merit in petitioner's contention that the personnel records were relevant because they contained the hospital's policy concerning granting sick leave, as petitioner did not leave work early because of illness.[4]

■■■ Finally, we reject petitioner's contention that the Department's Final Order is fatally flawed because it contains no reference to expert testimony offered on behalf of petitioner and no specific findings concerning the reduction of the disqualification period. Contrary to petitioner's assertions, an agency is not bound under all circumstances to explain why it rejects expert testimony in favor of that of lay witnesses. We have imposed that requirement only when "lay testimony is . . . weak in contrast with other evidence." *Washington Ethical Society v. District of Columbia Board of Zoning Adjustment,* D.C.App., 421 A.2d 14, 17 (1980). In the instant case the lay witnesses who testified to petitioner's actions were eyewitnesses. In contrast, the expert witness provided only opinion testimony in response to hypothetical questions concerning petitioner's probable state of

mind at the time of the incident at issue. Moreover, the expert had no contact with petitioner until approximately two years after the incident. Under such circumstances, the Department was not obliged to state its reasons for not relying on the expert's testimony.

■■■ With respect to the reduction in the disqualification period, we consider the Acting Director's reference in his Final Order to "the circumstance surrounding claimant's separation" to be a reference to the findings and conclusions of the Appeals Examiner which were specifically adopted elsewhere in the order. Those findings and conclusions were sufficient to support a disqualification period of seven weeks, and we find no need for additional findings to justify a one week reduction, an action which favors petitioner. Accordingly, the Final Order of the District of Columbia Department of Employment Services is

*Affirmed.*

■■■■■■■■■

---

mony was never proffered to the Examiner and whose physician submitted an affidavit that the witness was ill and that his health would be endangered by testifying. We find these allegations to be without merit.

4. Petitioner's assertion that he requested to be allowed to leave work early because he was ill, raised for the first time in this petition, is not supported by the record.